# Exhibit D

Letter from Health Law Partners, P.C., to Danielle Safran, dated April 2, 2020

4848-8776-0570, v. 6

Exhibits To:
Brief in Support of Defendants' Response to Plaintiff-Relator's Ex-Parte Motion
Case No.: 4:17-cv-11339-LVP-RSW

v



32000 Northwestern Hwy., Ste. 240
Farmington Hills, MI 48334
Ph: (248) 996-8510
Fax: (248) 996-8525

## Detroit – New York

www.thehlp.com

April 2, 2020

Sent Via Certified mail and email
Danielle B. Safran, Esq.
THE SIGLER LAW FIRM, PLC
30300 Northwestern Hwy. Suite 337
Farmington Hills, Michigan 48334
Safranlaw1@gmail.com

Re:   US ex. rel. Williamson vs. Centria Healthcare et. al.
      Civ. Case No. 4:17-cv-11339-LVP-RSW

Dear Ms. Safran:

As you know, we represent the following defendants in the above-captioned matter – Centria Healthcare, Scott Barry, Alicia Kidwell, Michelle Carter Pierce, Amber Gariepy, Darren Schwartz, and Christopher Wilcox ("**Defendants**").

We attempted to meet and confer so that we could address the issues in the Motions to Dismiss – you refused.

As discussed in the Motions to Dismiss, Mr. Williamson's conclusory Complaint filed on Apr. 27, 2017 ("**Complaint**"), fails to state a cause of action under Fed. R. Civ. P. 12(b)(6). The complete lack of factual pleading fails even to satisfy the plausibility requirements outlined in *Ashcraft v. Iqbal*, 556 U.S. 662, 682 (2009), and *Bell Atlantic Corp., et al. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). The Complaint also fails to meet the heightened pleading standard of Fed. R. Civ. P. 9(b). Mr. Williamson's Complaint contains no facts whatsoever to support any False Claims Act claim, nor does it identify a single false claim. *United States ex rel. Hirt v. Walgreen Co.*, 846 F.3d 879, 881 (6th Cir. 2017).

Given the utter lack of any facts and particular information, we don't see how Mr. Williamson could amend his Compliant to cure such patent defects. Mr. Williamson is without any personal or direct knowledge.

[32000 Northwestern Hwy., Ste. 240, Farmington Hills, MI 48334] [PH: (248) 996-8510] [FAX: (248) 996-8525]

The Health Law Partners, P.C. (HLP), is a Michigan professional corporation. The HLP operates additional offices in New York as "The Dresevic, Iwrey, Kalmowitz & Pendleton Law Group".

Case 4:17-cv-11339-LVP-RSW   ECF No. 28-5   filed 04/14/20   PageID.367   Page 3 of 10

Re: US ex. rel. Williamson v. Centria et al.
Civ. Case No.: 4:17-cv-11339-LVP-RSW
Amended Complaint
Page 2 of 5



During our email exchanges, you specifically advised us that you intended to make substantive changes to the Complaint explicitly based upon the findings/discussions you learned from the Michigan Attorney General's office after your Client filed his Complaint.

Specifically, on Mar. 4, 2020, after being advised of your intent to amend Mr. Williamson's Complaint, we asked:

> **[W]hat [do] you plan on changing in your complaint – is it just dropping parties/states, or are you making substantive changes?**

You specifically responded:

> Yes, we plan on making *a few substantive changes after having discussed investigations and findings with the attorney general's office* in addition to the change in parties.

See the email exchange attached as **EXHIBIT A.**

That admission is profoundly troubling. The FCA statute, and established case law, provides that the FCA precludes a federal court from exercising jurisdiction over allegations in a *qui tam* suit which are based upon publicly-disclosed information, unless the relator is the original source of information. The case law is clear -- the FCA was not intended to have the government function as a free private investigator to help someone who doesn't have direct and independent knowledge of fraudulent activity (who, what, where, when and how, *etc*.) to achieve status as a relator. The FCA cannot be used by individuals who have no information but merely suspicions of fraud in the hopes that they can simply ride piggyback on information subsequently developed by the government.

To the extent that Mr. Williamson moves forward with an attempt to amend his Complaint based on government information, we must put you on notice that we will vigorously object and will seek attorney fees, costs, and sanctions including under FRCP 11.

Re: US ex. rel. Williamson v. Centria et al.
Civ. Case No.: 4:17-cv-11339-LVP-RSW
Amended Complaint
Page 3 of 5



We suggest that you review this area of the law.[1]

By your written admission, you have now placed your and Mr. Williamson's disclosures to, and discussions with, the government into issue at this juncture in the case.[2]

We will vigorously oppose any amendment that you attempt. Likewise, if in opposition to our Motion to Dismiss, you suggest that an amendment would cure issues that we have identified, you have rendered that suggestion suspect. We will have no choice but to seek discovery related to an amended Complaint, including, but not limited to:

- Written material disclosure statements and fact witnesses provided by Mr. Williamson and your office to the government in connection with filing the Williamson *qui tam* matter;
- Information/witnesses from the Michigan Attorney General, Health Care Fraud Division ("**HCFD**"); and
- Information/witnesses from the U.S. Attorney's Office.

This discovery will be necessary to determine the nature of Mr. Williamson's purported disclosures before filing the Complaint and any subsequent discussions he or *you* had with these entities.

---

[1] For example, the following cases are instructive: *Rockwell Intern. Corp. v. United States*, 549 U.S. 457, 473, 127 S. Ct. 1397, 1408, 167 L. Ed. 2d 190 (2007) (relator is not "*free to plead a trivial theory of fraud for which he had some direct and independent knowledge and later amend the complaint to include theories copied from the public domain or from materials in the Government's possession*"); *U.S. ex rel. Bledsoe v. Community Health Sys., Inc.,* 342 F.3d 634, 646 (6th Cir. 2003) (Relator is not an "original source of the information contained in paragraphs 17–24 of his amended complaint…no subject matter jurisdiction lies"); *U.S., ex rel. Branhan v. Mercy Health Sys. of Southwest Ohio*, 188 F.3d 510 (6th Cir. 1999); *U.S. ex rel. McKenzie v. BellSouth Telecom.,* Inc., 123 F.3d 935, 939 (6th Cir. 1997); *Vierczhalek v. MedImmune Inc*., 19-0093, 2020 W.L. 1289100, at *2 (2d Cir. Mar. 18, 2020) (the only allegations contained in the amended complaint are based upon public disclosure or subsequent developments of a government agency after it "expanded its original investigation" -- the relator's claims are jurisdictionally barred); *U.S. ex rel. Detrick v. Daniel F. Young, Inc.*, 909 F. Supp. 1010, 1022 (E.D. Va. 1995) (the purpose of this rule is to prevent a relator from "*run[ning] to the government with only a suspicion of fraud in the hope that they might later be able to win relator status by riding piggyback on information subsequently developed by a government investigation*.") (emphasis added).

[2] The following cases are instructive: *In re Powerhouse Licensing, LLC,* 441 F.3d 467, 474 (6th Cir. 2006) ("counsel for petitioners elected to interject Shefferly into these proceedings and thereby waived the attorney-client privilege [and]work product privilege was waived as well"); *U.S. ex rel. Burns v. A.D. Roe Co., Inc.,* 904 F. Supp. 592, 593 (W.D. Ky. 1995); *U.S. ex rel. Burroughs v. DeNardi Corp.,* 167 F.R.D. 680, 688 (S.D. Cal. 1996); and *U.S. ex rel. Stone v. Rockwell Intern. Corp.,* 144 F.R.D. 396, 401-02 (D. Colo. 1992) (without access to the plaintiff's disclosure statement, the defendant cannot make the critical comparison between the facts purportedly revealed by the plaintiff as an original source and facts which may have previously been available for public consumption*).*

Re: US ex. rel. Williamson v. Centria et al.
Civ. Case No.: 4:17-cv-11339-LVP-RSW
Amended Complaint
Page 4 of 5



We have copied Jason Evans of HCFD and AUSA, Lynn Marie Dodge, on this correspondence – please consider this a precursor to *Touhy* requests, discovery requests, and FOIA requests.

This correspondence is being sent as a professional courtesy and to avoid wasting the Court's and everyone's time. We reiterate that, if any future amendments to the Complaint are based on public disclosures, we will seek to recoup attorney's fees, sanctions (including under FRCP 11), and all costs associated with any motion practice made necessary by any such inappropriate amendments. We look forward to your response and are happy to discuss it with you via phone.

Truly yours,
THE HEALTH LAW PARTNERS, P.C.

Clinton Mikel

Abby Pendleton

Enclosure
Cc (by Email and USPS):

Jason R. Evans
MI Dept of Attorney General
Health Care Fraud Division
P.O. Box 30218
Lansing, MI 48909
Email: evansj@michigan.gov

U.S. Attorney's Office
ATTN: AUSA Lynn Dodge
211 W. Fort Street
Suite 2001
Detroit, MI 48226
Email: lynn.dodge@usdoj.gov

Re: US EX. REL. WILLIAMSON V. CENTRIA ET AL.
Civ. Case No.: 4:17-cv-11339-LVP-RSW
Amended Complaint
Page 5 of 5



# EXHIBIT A

4840-9400-6712, v. 7

**Monique Selby**

| | |
|---|---|
| **From:** | Danielle Safran <safranlaw1@gmail.com> |
| **Sent:** | Wednesday, March 04, 2020 2:20 PM |
| **To:** | Clinton Mikel |
| **Subject:** | Re: Centria v Williamson -- Meet & Confer Scheduling/Page Limit |

Counsel,

Yes, we plan on making a few substantive changes after having discussed investigations and findings with the attorney general's office in addition to the change in parties.

My schedule next week is pretty busy but I could make 1:30pm on the 11th work if you still wish to discuss.

Sincerely,

Danielle Safran

On Wed, Mar 4, 2020 at 2:06 PM Clinton Mikel <CMikel@thehlp.com> wrote:

> Hi, Danielle,
>
> Perhaps we should have a discussion next week about what you plan on changing in your complaint – is it just dropping parties/states, or are you making substantive changes? We should nail that down before any stipulation on our end. **Let's schedule to discuss the potential complaint amendment next week**. What dates/times would work for you?
>
> I will also, separately, have Monique send a calendar invite for the morning of the 19th (in case it is necessary to have the LR 7.1 conference on our MTD then). We can always cancel that one later.
>
> FYI – I have the source video/audio files where your client was discussing, *inter alia*, his desire to undertake illegal activities. Will get that to you soon as part of informal discovery. Still shocked that you filed this case, and am reviewing the actions by your client/office in the leadup to the FCA complaint.
>
> Thanks in advance, Clinton
>
> 
>
> **Clinton Mikel**
> Partner
>
> **O.** (248) 996-8510  **M.** (313) 600-8587
> **F.** (248) 996-8525
> **A.** 32000 Northwestern, # 240, Farmington Hills, MI 48334
> **E.** cmikel@thehlp.com

1



The Health Law Partners, P.C., is a Michigan professional corporation.

We operate additional offices in New York as "The Dresevic, Iwrey, Kalmowitz & Pendleton Law Group."

CONFIDENTIAL: This email and its attachment(s) contain information which may be privileged, confidential, or otherwise protected from use/disclosure. Some information, such as health information, may be further protected by state and federal laws, which may impose liability for the recipient's improper use, disclosure, or retention of the information. The information is for the intended addressee only. If you are not the intended addressee, any disclosure, copy, retention, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify HLP immediately by calling (248) 996-8510, or emailing us at partners@thehlp.com, and destroy the original communication and all copies thereof. This email is not meant to constitute an electronic signature or evidence intent to contract electronically.

**From:** Danielle Safran <safranlaw1@gmail.com>
**Sent:** Wednesday, March 4, 2020 1:54 PM
**To:** Clinton Mikel <CMikel@thehlp.com>
**Subject:** Re: Centria v Williamson -- Meet & Confer Scheduling/Page Limit

Counsel,

How does the morning of the 19th work for you?

Moreover, I request your concurrence as to a stipulation to amend the complaint which includes changes to the parties as we previously discussed. We received authorization from the attorney general to do so prior to service and didn't have adequate opportunity to do so. This would obviously give you additional time to file any subsequent motion to dismiss.

As far as extension of page limits for your anticipated motion, we will agree to stipulate to three additional pages for both your motion and my response. Any more than that would have to be done through motion.

Please advise.

Sincerely,

Danielle Safran

On Wed, Mar 4, 2020 at 10:32 AM Clinton Mikel <CMikel@thehlp.com> wrote:

Hi, Danielle,

We need to set a date and time for a LR 7.1 meet and confer on the issues we intend to raise in our motion to dismiss (and potential motion for judicial notice). Please advise when you will be available to conduct a meet and confer. How does your schedule look on the week of the 16th?

Also, we anticipate needing an approximate additional 10 pages on Centria's motion to dismiss. Please advise if you would be willing to consent to the page extension, and we would of course reciprocate if you need additional pages for your response.

Thanks in advance, Clinton



**Clinton Mikel**
**Partner**

**O.** (248) 996-8510  **M.** (313) 600-8587
**F.** (248) 996-8525
**A.** 32000 Northwestern, # 240, Farmington Hills, MI 48334
**E.** cmikel@thehlp.com

   

The Health Law Partners, P.C., is a Michigan professional corporation.

We operate additional offices in New York as "The Dresevic, Iwrey, Kalmowitz & Pendleton Law Group."

CONFIDENTIAL: This email and its attachment(s) contain information which may be privileged, confidential, or otherwise protected from use/disclosure. Some information, such as health information, may be further protected by state and federal laws, which may impose liability for the recipient's improper use, disclosure, or retention of the information. The information is for the intended addressee only. If you are not the intended addressee, any disclosure, copy, retention, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify HLP immediately by calling (248) 996-8510, or emailing us at partners@thehlp.com, and destroy the original communication and all copies thereof. This email is not meant to constitute an electronic signature or evidence intent to contract electronically.

--

Sincerely,

Danielle B. Safran, Esq.
The Sigler Law Firm, PLC
30300 Northwestern Highway, Suite 337
Farmington Hills, Michigan 48334
(248) 705-6400
www.siglerlawfirm.com

Confidential: This message and all contents contain information from the law firm of The Sigler Law Firm, PLC. which may be privileged, confidential or otherwise protected from disclosure under applicable law. The information is intended to be for the addressee only. If you are not the addressee, or if you have received this message in error, any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this message in error, please notify us immediately by reply email or telephone (248.932.3500 Ext. 237) and destroy the original message and all attachments without retaining any copies. Thank you.


--
Sincerely,


Danielle B. Safran, Esq.
The Sigler Law Firm, PLC
30300 Northwestern Highway, Suite 337
Farmington Hills, Michigan 48334
(248) 705-6400
www.siglerlawfirm.com

Confidential: This message and all contents contain information from the law firm of The Sigler Law Firm, PLC. which may be privileged, confidential or otherwise protected from disclosure under applicable law. The information is intended to be for the addressee only. If you are not the addressee, or if you have received this message in error, any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this message in error, please notify us immediately by reply email or telephone (248.932.3500 Ext. 237) and destroy the original message and all attachments without retaining any copies. Thank you.